IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIM. NO. 03-00078 HG |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING THE** |
| | ) | **GOVERNMENT'S MOTION FOR** |
| vs. | ) | **REDUCING DEFENDANT'S** |
| | ) | **SENTENCE FOR SUBSTANTIAL** |
| STACEY KUAMO'O, | ) | **ASSISTANCE** |
| a.k.a. Stacey Bohol, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR REDUCING
DEFENDANT'S SENTENCE FOR SUBSTANTIAL ASSISTANCE**

On May 19, 2003, Defendant Stacey Kuamo'o ("Kuamo'o") pled guilty to possession with intent to distribute in excess of 50 grams of methamphetamine in violation of Title 21, U.S.C. § 841(a)(1) and (b)(1)(A) (Count 1) and to possession of a firearm during and in relation to a drug trafficking crime in violation of Title 18, U.S.C. § 924(c) (Count 2).

On February 2, 2004, the Court sentenced Kuamo'o to 120 months confinement as to Count 1 and 60 months as to Count 2, to be served consecutively. The Court also sentenced Kuamo'o to a term of five years of supervised release and ordered a special assessment of $200.00.

On February 10, 2006, the Government filed a "Motion for Reduction of Sentence for Substantial Assistance Pursuant to F.R.Cr.P. 35(b)(2)(B)" (Doc. 48, "Rule 35 Motion"). Kuamo'o has

not filed a response.

The Rule 35 Motion describes the assistance Kuamo'o provided in the investigation and prosecution of other crimes.  The Government recommended a reduction of Kuamo'o's sentence as to Count 1 from 120 months to a range of 70-87 months.

After reviewing the information provided by the Government concerning the level of Kuamo'o's cooperation, the Court GRANTS the Government's motion to reduce Kuamo'o's sentence. Kuamo'o's sentence as to Count 1 is reduced to a term of 70 months.  The 60-month consecutive sentence for Count 2 remains unchanged.

## **STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 35(b)(1) provides:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>
> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court.  United States v. Smith, 964 F.2d 885, 887 (9th Cir. 1992); United States v. Hooton, 693 F.2d 857, 859 (9th Cir. 1982).

## **ANALYSIS**

The Court finds that Kuamo'o substantially assisted the Government in the investigation and prosecution of criminal

activity.  Kuamo'o is entitled to a reduction of his sentence

pursuant to Rule 35(b)(1).  Based on the nature of Kuamo'o's

cooperation, the Court finds that a sentence reduction of 70

months as to Count 1 is appropriate and is reasonable in light of

Title 18 U.S.C. § 3553.

<u>**CONCLUSION**</u>

In accordance with the foregoing, the Court **GRANTS** the

Government's motion, filed on February 10, 2006 (Doc. 48) and

reduces Kuamo'o's sentence of 120 months as to Count 1 to 70

months.  Kuamo'o's sentence as to Count 2 remains the same and is

consecutive to Kuamo'o's sentence as to Count 1.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 26, 2006.



  /s/ Helen Gillmor_____
Chief United States District Judge

_____
<u>United States of America v. Kuamo'o</u>; Crim. No. 03-00078 HG; ORDER
GRANTING UNITED STATES' MOTION FOR REDUCING DEFENDANT'S SENTENCE
FOR SUBSTANTIAL ASSISTANCE